**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| STEPHANIE TRAMMELL, | : | Case No. 1:26-cv-276 |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | District Judge Susan J. Dlott |
| | : | Magistrate Judge Stephanie K. Bowman |
| FIFTH THIRD, | : | |
| | : | |
| Defendant. | : | |

**REPORT AND RECOMMENDATION**

Plaintiff, a resident of Gallatin, Tennessee, submitted a Complaint in this Court on March 17, 2026. (Doc. 1). On March 31, 2026 and April 28, 2026, the Court issued Deficiency Orders requiring Plaintiff to submit a signed Complaint and either pay the full filing fee or submit a complete, signed application to proceed *in forma pauperis* within thirty (30) days. (Doc. 6, 9). Plaintiff was advised that her failure to comply with the Orders "will result in the dismissal of this action for want of prosecution" and that no further opportunity to cure would be given. (Doc. 9 at PageID 35. *See also* Doc. 6 at PageID 27).[1]

To date, more than thirty (30) days after the April 28, 2026 Order, Plaintiff has

---

[1] The undersigned notes that Plaintiff has filed at least ten unsigned complaints against other banks or companies containing nearly identical allegations in District Courts in Tennessee, North Carolina, California, Illinois, Virgina, Delaware, Utah, and Pennsylvania. *See Trammell v. EdFinancial*, No. 3:26-mc-26 (E.D.Tenn. May 13, 2026); *Trammell v. PowerPay, LLC*, No. 2:26-cv-3372 (E.D.Pa. May 11, 2026); *Trammell v. Wells Fargo*, No. 3:26-cv-3550 (N.D. Cal. Apr. 24, 2026); *Trammell v. Enerbank*, No. 2:26-cv-355 (D. Utah Apr. 21, 2026); *Trammell v. Barclays*, No. 1:26-cv-449 (D. Del. Apr. 20, 2026); *Trammell v. US Comm'n Credit Union*, No. 3:26-cv-380 (M.D. Tenn. Mar. 31, 2026); *Trammell v. Baxter Credit Union*, No. 1:26-cv-3487 (N.D. Ill. Mar. 30, 2026); *Trammell v. Syncrhony CareCredit*, No. 8:26-cv-596 (C.D. Cal. Mar. 17, 2026); *Trammell v. Bank of America*, No. 3:26-cv-210 (W.D.N.C. Mar. 16, 2026); *Trammell v. Enbright Credit Union*, No. 3:26-cv-304 (M.D. Tenn. Mar. 13, 2026).

failed to comply with the Order of the Court.[2]

A *pro se* litigant has an affirmative duty to diligently pursue the prosecution of her cause of action. *See Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991). District courts have the inherent power to *sua sponte* dismiss civil actions for want of prosecution to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-631 (1962). Failure of a party to respond to an order of the court warrants invocation of the Court's inherent power. *See* Fed. R. Civ. P. 41(b). Accordingly, this case should be dismissed for Plaintiff's failure to comply with the Court's April 28, 2026 Order. *In re Alea*, 286 F.3d 378, 382 (6th Cir. 2002).

It is therefore **RECOMMENDED** that this matter be **DISMISSED** without prejudice for lack of prosecution.

**IT IS SO RECOMMENDED.**

    s/Stephanie K. Bowman
Stephanie K. Bowman
United States Chief Magistrate Judge

---

[2] Plaintiff submitted two motions for leave to proceed *in forma pauperis* (Doc. 4, 8) and two "trust notice response" documents (Doc. 7, 10) in response to a Notice of Deficiency and/or Deficiency Orders issued in this case. However, none of the documents are signed, nor has Plaintiff otherwise complied with the Orders of the Court.

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

STEPHANIE TRAMMELL,              :    Case No. 1:26-cv-276
                                 :
    Plaintiff,               :
                                 :
    vs.                      :    District Judge Susan J. Dlott
                                 :    Magistrate Judge Stephanie K. Bowman
                                 :
FIFTH THIRD,                     :
                                 :
    Defendant.               :

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

3